| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

KIMBERLY ANDERWOOD, §
§
        Plaintiff, §
§
*versus* §    CIVIL ACTION NO. 9:23-CV-58-MAC
§
COMMISSIONER OF SOCIAL SECUIRTY, §
§
        Defendant. §

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

      The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed. The court received and considered the Report and Recommendation (#17) of United States Magistrate Judge filed pursuant to such referral, along with the Objections (#18) filed by the Plaintiff, the record, pleadings, and all available evidence.

      Anderwood objects to the magistrate judge's conclusion that the ALJ properly considered the opinion of Dr. Frankie Clark regarding her mental conditions. She asserts that the magistrate judge implied that self-reported statements should not be considered as evidence. To the contrary, it appears that Judge Stetson was summarizing Anderwood's arguments contained in her brief and went on to point out that the ALJ properly considered these subjective complaints but discounted them due to her lack of treatment and lack of medication compliance. (#17, p.

12-13.) Even Dr. Clark noted that Anderwood's "prognosis is guarded due to lack of treatment." (Tr. 401.) Although Anderwood is correct that an examiner may rely on subjective complaints in completing an assessment, an ALJ can choose to give that opinion less weight if the other evidence in the record is inconsistent with the claimant's statements being used as a basis for that opinion. *See Cain v. Comm'r of Soc. Sec.*, No. 6:21-CV-00005, 2022 WL 3575293, at *17 (S.D. Tex. Apr. 15, 2022), *R.&R. adopted,* 2022 WL 2965957 (S.D. Tex. July 27, 2022) ("[T]he ALJ discussed the competing evidence in the decision, including the observations and findings of Dr. Alvarez-Sanders, and found her limitations were not supported for the reasons discussed above, including reasoning for discounting Plaintiff's subjective complaints.").

Further, Anderwood claims that Dr. Clark's opinion is consistent with her PHQ-9[1] scores. The record does not indicate that Dr. Clark gave Anderwood a PHQ-9 assessment, nor did he mention these scores given by other providers. Moreover, as noted by Judge Stetson, her highest score of 17 was assessed by Nurse Utpadel, who ultimately determined that Anderwood did not have a severe mental impairment, giving these scores little credence on the issue of her actual mental functional limitations. (Tr. 347.) As noted by a district court in this circuit, "a PHQ-9 score is just one step in diagnosing and treating depression." *Long v. Colvin*, No. CV 16-5089, 2017 WL 2889367, at *1 (E.D. La. July 7, 2017). The court explained that this test is based upon the claimant's self-reported answers to questions and must be interpreted by a clinician. *Id.* (citing *Hernandez v. Astrue*, 814 F.Supp.2d 168, 175 n.8 (E.D.N.Y. 2011)). Ultimately, the *Long* court, like here, found the claimant's PHQ-9 score was not determinative

---

[1] "The PHQ–9 is a tool for assisting primary care clinicians in diagnosing depression as well as selecting and monitoring treatment." *Long v. Colvin*, No. CV 16-5089, 2017 WL 2889367, at *1 (E.D. La. July 7, 2017) (quoting *Luckett v. Astrue*, No. 09-5211, 2011 WL 336250, at *3 (W.D. Ark. Jan. 31, 2011)).

of the claimant's functional limitations considering the lack of mental health treatment and other evidence in the record.  *See id.*

Judge Stetson also correctly found that the ALJ's vague analysis was sound as to Dr. Clark's functional limitations.  Dr. Clark's conclusions state that Anderwood is impaired in relating to others and concentration, persistence and pace is "likely slower." (Tr. 401.)  As Judge Stetson noted, the ALJ, himself, found mild[2] limitations in interacting with others and concentrating, persisting, and maintaining pace, but that does not equate to a severe impairment or disabling limitations.  (Tr. 26.)  Thus, it is unclear whether Dr. Clark's limitations are also "mild" or whether they are more severe and inconsistent with the ALJ's findings.  The ALJ also noted that Dr. Clark's findings were inconsistent with the actual exam.  For example, regarding interacting with others, Dr. Clark stated that she does not have friends.  (Tr. 399.)  He also noted, however, that she was driven to the session "by a friend from a distance of 45 minutes" and that "she lives with friends."  (Tr. 398.)  He also reported that she has no problems with people in authority.  (Tr. 399.)

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  The court finds that the ALJ properly weighed Dr. Clark's opinions against the other evidence and the record as a whole.  The "ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Moore v. Saul*, No. 3:20-cv-48-DPJ-MTP, 2021 WL 909618, at *6 (N.D. Tex. Feb. 1, 2021); *see also Gina R. v. Comm'r of Soc. Sec.,* No. 3:19-CV-2038-BK, 2021 WL 1209198, at *3-4 (N.D. Tex. Mar. 30, 2021) (finding substantial evidence for the ALJ's RFC assessment where

---

[2] The first two points on the scale, i.e. "none" and "mild" do not indicate a severe impairment. *See* 20 C.F.R. § 404.1520a (2017).

the full medical record did not support the limitations put forth by the consultative examiner). Therefore, the court concludes that Anderwood's objections are without merit, and the magistrate judge properly found the ALJ's application of the sequential analysis was free from legal error and supported by substantial evidence. Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 22nd day of August, 2024.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE